# MEMO ENDORSED

RICHARD B. LIND, ESQ.
Attorney at Law
16 Sutton Place, New York, NY 10022 (new address)
Cellphone: (917) 747-9603  Email: rlind@lindlawyer.com

February 23, 2022

*Via ECF*

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Court will conduct a bail hearing on March 3, 2022, at 2:30 p.m. in Courtroom 23A.

Dated: New York, New York
February 23, 2022

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.

Re:  United States v. John Grant
     21 Cr. 486 (SHS)

Dear Judge Stein:

Defense counsel makes this motion on behalf of Defendant ("John" or "Mr. Grant") for a bail hearing and an order granting his release.

## INTRODUCTION

As the Court is aware, John, the last-named of the four defendants in the crack cocaine distribution indictment captioned *United States v. Young, et al.*, is charged solely in the first Count, which alleges a conspiracy in violation of 21 U.S.C §§846, 841(a)(1) and 841(b)(1)(A).

By reason of an earlier bail application, the Court is aware of the government's basis for opposing an earlier bail application, namely Mr. Grant's conviction in West Virginia state court for second degree murder, a crime in 2006 and for which he served twelve years custody and was released in 2017 and paroled to New York State. As the Court also knows, John was released early from parole in 2019 and until his arrest in this case worked as a construction worker for Local 731 in the Bronx.

John makes this application and respectfully submits his release on bail is warranted for two reasons. First, he satisfies the requirements under 18 U.S.C. § 3142(g). As described below, defense counsel presents a strong bail package on behalf of John. Specifically, several upstanding citizens with full-time jobs are prepared to sign a bond

demonstrating their trust in John and his willingness to appear in Court and follow all pretrial supervision conditions. The bail package will ensure Mr. Grant returns to Court and poses no threat to others while affording him unfettered access to counsel.

## ARGUMENT

### LEGAL STANDARD FOR RELEASE

"The judicial officer *shall order* the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court ... unless the judicial officer determines that such release will not reasonably assure the appearance...or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b)(emphasis added). "[I]t is only a limited group of offenders who would be denied bail pending trial." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)).

The decision whether to release a defendant on bail focuses on four factors: (1) the nature and circumstances of the charged offense; (2) the strength of the evidence; (3) the background of the defendant, including "character, physical and mental condition, family [and community] ties, employment, financial resources" and other aspects of the defendant's personal history; and (4) the level of danger to other that the defendant's release would pose." 18 U.S.C. §3142(g). "A careful balancing of all of the relevant factors is essential to ensuring that not even one defendant is unnecessarily deprived of [his] interest in liberty pending trial, all the while protecting the community at large, and, by extension, ensuring the integrity of and respect for the criminal system." *United States v. Paulino*, 335 F. Supp.3d 600, 604 (S.D.N.Y. 2019).

The instant case is subject to a rebuttable presumption of detention because Mr. Grant is charged with a narcotics conspiracy. *See* 18 U.S.C. §3142(e)(3)(A). Nonetheless, Mr. Grant bears only "a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

The government still carries a dual burden of proving risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. *Mercedes*, 254 F.3d at 436. Further the government remains required to establish that no assortment of bail conditions will assure Mr. Grant's presence and the safety of others. *See* 18 U.S.C. § 3142(e), (f), *Sabhnani*, 493 F.3d at 75.

### I. NATURE AND CIRCUMSTANCES OF THE OFFENSE

This is a narcotics conspiracy case. The indictment charges that over the course from August 2019 to May 2021, the four defendants conspired to distribute and possess with intent to distribute 280 grams and more of "crack" cocaine.

### II. WEIGHT OF EVIDENCE

The weight of evidence is the least important of the factors to be considered by the Court. *See United States v. Jones*, 566 F.Supp.2d 288 (S.D.N.Y 2008)(Bail Reform Act neither requires nor permits a pretrial determination that the person is guilty, and thus, the Court's function in examining the weight of the evidence is not to determine guilt or innocence); *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985)(Bail Reform Act neither requires nor permits pretrial determination that person is guilty; weight of evidence factor designated least important of four factors to be considered in judging risk of flight and danger to community).

### III. HISTORY AND CHARACTERISTICS OF DEFENDANT AND SERIOUSNESS OF DANGER TO ANYONE IN THE COMMUNITY

Although John has a past, the present charge against him is a non-violent offense; and he is not a flight risk. It is well-settled that flight risk means a defendant who is likely to flee the state or country to avoid criminal charges. John has a newborn son who is slightly older than one year old; John was taken and locked up when his son just turned six months old. John also has a daughter who is slightly older than his son.

Furthermore, John is not a danger to the community. Over twelve years have lapsed since his past serious conviction. John has not been on parole. Instead, he has been a working-class citizen for more than four years and a half and he has always maintained a legitimate job and a work history. John has a position that is waiting and ready for him to get back to work upon his release, if granted bond. John's employer, prior to his arrest, DOBCO, INC. in Wayne, New Jersey, where he had been construction worker. He had held that position with them for nearly three years. If released on bond, John also wants to return to his wife and his young son and daughter.

### IV. CONTACT WITH DEFENSE COUNSEL

In addition, his release on bail would enable John to communicate with or see his counsel on a personal basis; by contrast, being incarcerated at the MDC makes it virtually impossible to communicate with his lawyer. Furthermore, during the past several months, the MDC due to its closure of the Metropolitan Correctional Center ("MCC") and the transfer of the majority of its inmates to the Metropolitan Detention Center ("MDC").

In addition, during the past several months the MDC has been hamstrung by staffing issues, quarantines due to COVID-19 and lockdowns due to security issues. These lockdowns – which are continuing – make it impossible for attorneys to visit their

clients in person to prepare strategy and communicate with clients. Because attorneys cannot visit their clients in person, the demand for attorney-client phone calls has substantially increased and attorneys have repeatedly reported to this Court the difficulty of arranging for extended private telephone calls with their clients to prepare for upcoming conferences, pleas, trials, and sentencings. Indeed, as the Second Circuit held in *Federal Defenders of New York v. Federal Bureau of Prisons*, 19-1778 (2d Cir. March 2020), the Second Circuit vacated the district court's dismissal of the complaint regarding MDC's violation of inmates' rights when it delayed and cancelled legal visits during a power outage and government shutdowns and government shutdown in January 2019. As the Second Circuit explained, "the right to consult with legal counsel without being released on bond, entering a plea, negotiating and accepting a plea agreement, going to trial, testifying at trial, locating trial witnesses, and other decisions confirming the detained suspect, whose innocence is presumed, is a right inextricably linked to the legitimacy of our criminal justice system." (*Id.* at 25).

## V. PROPOSED CO-SIGNERS ON BAIL APPLICATION

The following is a list of proposed co-signers on John's bail application:

Luis Gonzalez, john's father-in-law; he is employed at IAP, Inc. As a shipping manager. His approximate annual salary is $49,568.

Selina Grant: she is John's sister. She is employed at Raices Homecare as a Home Health Aide. Her approximate annual salary is $33,000.

Dashonna Hylton; she is a friend of John. She is employed at Sunshine Learning Center as a Teacher. Her approximate annual salary is $40,000.

Khirinda Chisholm, is a friend of John. She is employed at Logan Bus Company as a Bus Attendant. Her annual salary is $30,000.

Denise Stephen is a friend of John. She is employed at D&J Bus Company as a Bus matron. Her annual salary is $28,500.

Jeanette Sepulveda is a friend of John. She is currently employed at FLACS ONE, A charter school as a teacher Assistant. Her approximate annual salary is $27,500.

Samantha Gonzalez. She is John fiancée. She is employed at Logan Bus Company as a bus attendant. Her approximate annual salary is $30,000.

## CONCLUSION

Accordingly, I respectfully submit that the Court issue an order directing that a bail hearing be conducted.

Respectfully submitted,

/s/ Richard B. Lind
Richard B. Lind
*Attorney for John Grant*

cc: All Counsel (By ECF)