UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
          - v. -                                    :      CONSENT PRELIMINARY ORDER
                                                  OF FORFEITURE AS TO SPECIFIC
:      PROPERTY
JOHN GRANT,
      a/k/a "Butta,"                      :      21 Cr. 486 (SHS)

              Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

           WHEREAS, on or about August 2, 2021, JOHN GRANT, a/k/a "Butta" (the "Defendant"), among others, was charged in one count of a four-count Indictment, 21 Cr. 486 (SHS) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

           WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Four of the Indictment, and any and all property used, or was intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One through Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through of the Indictment;

           WHEREAS, on or about August 4, 2021, the Government seized, among other things, the following specific property from the Defendant's residence in Bronx, NY:

                    i.     $2,180 in United States currency;
                    ii.    $7,784 in United States currency; and

    iii. One .45 caliber Springfield Armory semiautomatic handgun and corresponding ammunition;

(i. through iii., collectively, the "Specific Property");

  WHEREAS, on or about September 29, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government;

  WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

  IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jun Xiang and Sarah Mortazavi, of counsel, and the Defendant and his counsel, Jeff Chabrowe, Esq., that:

  1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant JOHN GRANT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Sarah Mortazavi                             2/14/23
JUN XIANG                                           DATE
SARAH MORTAZAVI
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(917) 763-2289 / 2520

JOHN GRANT

By: _____                          4/17/23
JOHN GRANT                                          DATE


By: _____                          4.17.23
JEFF CHABROWE, ESQ.                                 DATE
Attorney for Defendant
521 Fifth Avenue, 17th Floor
New York, NY 10175

SO ORDERED:

_____                              April 17, 2023
HONORABLE SIDNEY H. STEIN                           DATE
UNITED STATES DISTRICT JUDGE