UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOHN GRANT,

Defendant.

21-Cr-486 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On April 18 of this year, John Grant was convicted of conspiracy to distribute and possess with intent to distribute crack cocaine after having pled guilty to that felony. As a result, he was sentenced primarily to five years incarceration and ordered to forfeit $9,964 in United States currency, a .45 caliber semiautomatic handgun, and corresponding ammunition. (Final Judgment, ECF No. 165.) Grant has now moved for the return of that $9,964 pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) sets out that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). He asserts that the property should be returned to him because it "is not contraband, seizable or . . . even forfeitable." (Pet'r's Mot., ECF No. 171 at 1.)

However, the $9,964 in United States currency was categorized as part of the Specific Property forfeited by Grant in the Court's April 18, 2023, Consent Preliminary Order of Forfeiture as to Specific Property (*see* Order of Forfeiture, ECF No. 164 at 1),

which provides that Grant "consents to the forfeiture of all his right, title and interest in the Specific Property" (*id.* at 2). In addition, Grant acknowledged that the Specific Property "constitute[s] proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment." (*Id.*) This Order of Forfeiture was consented to, and signed, by both Grant and his attorney, as well as an Assistant United States Attorney. (*Id.* at 5.)

Thus, Grant's motion must fail because he himself consented to the forfeiture of the $9,964 in United States currency that he is now seeking. *See, e.g., Bongiorno v. United States*, 22-MC-211 (PKC), 2022 WL 17261979, at *1 (S.D.N.Y. Nov. 29, 2022); *Fuller v. United States*, 22-Cv-1948 (BMC), 2022 WL 14058660, at *7 (E.D.N.Y. Oct. 24, 2022).

Accordingly, IT IS HEREBY ORDERED that Grant's motion for the return of $9,964 in seized property pursuant to Fed. R. Crim. P. 41(g) is denied.

Dated: New York, New York
October 31, 2023

SO ORDERED:

_Sidney H. Stein_
Sidney H. Stein, U.S.D.J.

2